UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VOCAL TECHNOLOGIES, LTD.,

            Plaintiff,

vs.

COMPANDENT, INC.

            Defendant.

**COMPLAINT AND JURY TRIAL DEMAND**

Civ. No.:

Plaintiff, VOCAL Technologies, Ltd.. ("Plaintiff"), by and through its attorneys, Woods Oviatt Gilman LLP, for its Complaint against Defendant, Compandent, Inc. ("Defendant") alleges as follows:

### THE PARTIES

1. Plaintiff is a New York corporation having its principal place of business in Amherst, New York.

2. Upon information and belief, Defendant is a California corporation having its principal place of business in Santa Barbara, California.

3. Upon information and belief, Defendant claims that Plaintiff has infringed upon certain registered copyrights allegedly owned by Defendant.

### PRELIMINARY STATEMENT

4. This is an action for declaratory relief concerning certain copyrights under the Copyright Act (17 U.S.C. §§ 101 *et seq*), seeking a judicial declaration of non-infringement and/or invalidity on behalf of Plaintiff with regard to those copyrights allegedly owned by Defendant.

## JURISDICTION AND VENUE

5. This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This is a civil action for declaratory judgment concerning a federally registered copyright under the Federal Copyright Act, 17 U.S.C. §§ 101 *et. seq.* This Court has original subject matter jurisdiction over this claim pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) in that a substantial part of the acts or omissions giving rise to the claims asserted herein occurred or had effects in this district.

## RELEVANT FACTS

7. Founded in 1986, Plaintiff markets and sells hardware and software solutions to satisfy its customers' voice, video, data and facsimile communication needs.

8. As part of its comprehensive array of goods and services, Plaintiff offers custom engineering and design services and the accompanying software and hardware for Mixed Excitation Linear Prediction ("MELP") and Enhanced Mixed Excitation Linear Prediction ("MELPe") speech coding utilized primarily in military and satellite communications.

9. Plaintiff has offered MELP and MELPe-based goods and services for many years.

10. Upon information and belief, Defendant is an entity which is also engaged in the business of offering MELP and MELPe-based goods and services to military and civilian customers.

11. Defendant claims ownership of various federal copyright registrations for certain MELPe-based software and asserts that its copyrights cover the source code which is included in the software which Plaintiff markets and sells.

12. On or about July 24, 2008, Defendant's lawyers demanded that Plaintiff cease offering for sale its MELP and MELPe-based software and deliver to Defendant's lawyers an accounting of all revenues derived from its MELP and MELPe-based software. Defendant's lawyers also issued a thinly veiled threat to pursue litigation against Plaintiff for infringement of Defendant's claimed copyrights. This threat was repeated in correspondence from Defendant's lawyers, dated April 14, 2009.

13. Plaintiff denies that any infringement of the Defendant's registered copyrights has occurred.

14. In addition, Plaintiff has reason to believe that some or all of the copyrights may be invalid or otherwise unenforceable.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Declaratory Relief)

15. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs "1" through "14" of this Complaint, as set forth above.

16. This claim arises from an actual and justifiable controversy between Plaintiff and Defendant as to Plaintiff's alleged infringement of Defendant's copyrights.

17. Plaintiff believes that it has not, and is not now, infringing upon Defendant's copyrights by means of Plaintiff's marketing and sale of MELP and MELPe-based goods and services.

18. In the alternative, Plaintiff believes that any right to federal copyright protection that Defendant may claim with regard to its registered copyrights is unenforceable as against Plaintiff.

19. A judicial determination of Plaintiff's non-infringement or, in the alternative, the unenforceable nature of Defendant's copyrights under the Copyright Act is necessary and appropriate at this time.

20. Plaintiff, therefore, asks that the Court enter a judgment declaring that Plaintiff has not infringed upon Defendant's copyrights by means of Plaintiff's marketing and sale of MELP and MELPe-based goods and services or, in the alternative, a judgment that the Defendant's copyrights are invalid or otherwise unenforceable.

**WHEREFORE,** Plaintiff, VOCAL Technologies Ltd., demands judgment against Defendant, Compandent, Inc., as follows:

A. that the Court declare that Plaintiff has not infringed the copyrights of Defendant;

B. in the alternative, that the Court declare that Defendant's copyrights are invalid or otherwise unenforceable as against Plaintiff;

C. that the Court further declare the respective rights and responsibilities of the parties;

D. that Plaintiff recover the costs of this suit; and

E. that Plaintiff be granted such other and further relief as the Court deems just and proper, including, but not limited to, its reasonable attorneys' fees incurred in this action.

### DEMAND FOR A JURY TRIAL

Pursuant to FRCP Rule 38(b), Plaintiff hereby requests trial by jury on all issues so triable.

DATED: April 29, 2009
Rochester, New York

WOODS OVIATT GILMAN LLP

By: _____
Donald W. O'Brien, Jr., Esq.
Ronald J. Kisicki, Esq.
*Attorneys for Plaintiff*
700 Crossroads Building
2 State Street
Rochester, New York 14614
585.987.2800

{1001310:}

4