**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VOCAL TECHNOLOGIES, LTD.,<br><br>    Plaintiff,<br><br>        v.<br><br>COMPANDENT, INC.,<br><br>    Defendant. | Civil Action No. 1:09-CV-00411-RJA |

## ANSWER AND COUNTERCLAIM

Defendant Compandent, Inc. ("Compandent"), by counsel, hereby answers the Complaint as follows:

1. Compandent lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 1 of the Complaint and on this basis denies the allegations of that paragraph.

2. Compandent admits the allegations of paragraph 2 of the Complaint.

3. Compandent admits the allegations of paragraph 3 of the Complaint.

4. Compandent denies the allegations of paragraph 4 of the Complaint, except admits that the Complaint purports to seek declaratory relief.

5. Compandent denies the allegations of paragraph 5 of the Complaint, except admits that the Complaint purports to seek declaratory relief, admits that this action relates to federally registered copyrights owned by Compandent, and admits that the Court has subject matter jurisdiction.

12937458

6. Compandent lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 6 of the Complaint and on this basis denies the allegations of that paragraph.

7. Compandent lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 7 of the Complaint and on this basis denies the allegations of that paragraph.

8. Compandent lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 8 of the Complaint and on this basis denies the allegations of that paragraph, except admits on information and belief that Plaintiff Vocal Technologies, Ltd. ("Vocal") offers MELPe-based goods and services.

9. Compandent lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 9 of the Complaint and on this basis denies the allegations of that paragraph, except admits on information and belief that Vocal offers MELPe-based goods and services.

10. Compandent admits the allegations of paragraph 10 of the Complaint.

11. Compandent lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 11 of the Complaint and on this basis denies the allegations of that paragraph, except admits that Compandent owns the copyright registrations identified in paragraph 29, _infra_, and admits that Vocal is engaging and has engaged in copyright infringement as set forth herein.

12. Compandent denies the allegations of paragraph 12 of the Complaint, except admits that Compandent demanded that Vocal cease its infringement, admits that Compandent's

counsel sent letters to Vocal dated July 24, 2008 and April 14, 2009, and refers to such letters for their content.

13. Compandent denies the allegations of paragraph 13 of the Complaint, except admits that Vocal purports to deny infringement.

14. Compandent denies the allegations of paragraph 14 of the Complaint.

15. Compandent repeats and incorporates by reference its responses to the allegations of paragraphs 1 through 14 of the Complaint.

16. Compandent denies the allegations of paragraph 16 of the Complaint, except admits that Vocal is engaging and has engaged in copyright infringement as set forth herein.

17. Compandent denies the allegations of paragraph 17 of the Complaint.

18. Compandent denies the allegations of paragraph 18 of the Complaint.

19. Compandent denies the allegations of paragraph 19 of the Complaint.

20. Compandent denies the allegations of paragraph 20 of the Complaint.

21. Compandent denies that Vocal is entitled to any relief.

## First Affirmative Defense

22. Vocal has failed to state a claim upon which relief can be granted.

## Second Affirmative Defense

23. Vocal has infringed valid and enforceable copyrights owned by Compandent.

## Third Affirmative Defense

24. Vocal's claims for relief are barred, in whole or in part, by the doctrines of waiver, acquiescence, laches, unclean hands, and equitable estoppel.

## **COUNTERCLAIM FOR COPYRIGHT INFRINGEMENT**

Compandent, for its Counterclaim, alleges the following:

25. Compandent is a California corporation having a principal place of business in Santa Barbara, California.

26. Vocal alleges that it is a New York corporation having a principal place of business in Amherst, New York.

27. This is a counterclaim for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. This Court has jurisdiction over the parties and the subject matter of this counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338. Venue is proper in this District because the original action was filed here by Vocal.

28. MELPe refers to enhanced Mixed Excitation Linear Prediction. It is a computer based technology used in secure voice devices and other military and civilian applications. MELPe has been adopted as a standard by both the United States Department of Defense ("DoD") and NATO.

29. Compandent participated in the development of MELPe and owns valid copyrights in certain MELPe software ("the Infringed Works"), including as set forth in the following Copyright Registrations and Applications:

| Copyright Registration or Application | Title |
|---|---|
| TX 6-833-875 | **Title of Work:** Enhanced Mixed Excitation Linear Predictive (MELP or MELPe) voice coder (vocoder) software. Computer software file name: postfilt.asm, Description: postfilter and postprocessing in decoder |

| Copyright Registration or Application | Title |
|---|---|
| TX 6-842-285 | **Title of Work:** MELPe 1.2 Software File melp_syn.asm (v 8.1)<br>**Contents Titles:** Enhanced Mixed Excitation Linear Predictive (MELP or MELPe) voice coder (vocoder) software. Computer software file. Save name: melp_syn.asm, Description: decoder. Assembly software |
| TX 6-845-690 | **Title of Work:** MELPe 8.1 software file name: support.asm<br>**Title of Larger Work:** MELPe voice coding software<br>**Contents Titles:** Description: Additional asm-functions that are not derived from the original c-code, File: support.asm, Melp 1.2 SpeechCodec |
| TX 6-845-325 | **Title of Work:** MELPe software file lpc_lib.asm<br>**Contents Titles:** Enhanced Mixed Excitation Linear Predictive (MELP or MELPe) voice coder (vocoder) software. Computer software file name: lpc_lib.asm, Description: LPC subroutines |
| TX 6-844-314 | **Title of Work:** MELPe software file name: dsp_sub.asm<br>**Contents Titles:** Enhanced Mixed Excitation Linear Predictive (MELP or MELPe) voice coder (vocoder) software. Computer software file name: dsp_sub.asm, Description: general DSP subroutines |
| TX 6-845-691 | **Title of Work:** MELPe software file name: pitch.asm<br>**Title of Larger Work:** MELPe voice coding software<br>**Contents Titles:** MELPe new pitch estimation routines, Melp 1.2 SpeechCodec, File: pitch.asm |
| TX 6-845-330 | **Title of Work:** MELPe vocoder software file math_lib.asm<br>**Contents Titles:** Enhanced Mixed Excitation Linear Predictive (MELP or MELPe) voice coder (vocoder) software. Computer software file name: math_lib.asm, Description: Basic math functions |
| TX 6-845-769 | **Title of Work:** MELPe voice coding software file name: sc1200.inc<br>**Title of Larger Work:** MELPe voice coding software<br>**Contents Titles:** Description: global include file for sc1200 coder, Melp 1.2 SpeechCodec |

| Copyright Registration or Application | Title | |
|---|---|---|
| TX 6-874-773 | **Title of Work:** | Software filename: melp_syn.c |
| | **Contents Titles:** | Enhanced Mixed Excitation Linear Predictive (MELP or MELPe) voice coder (vocoder) software. Computer software file name: melp_syn.c, Description: decoder for MELPe vocoder |
| TX 6-842-148 | **Title of Work:** | Software file: melp_syn.c (MELPe v8.3) |
| | **Contents Titles:** | Enhanced Mixed Excitation Linear Predictive (MELP or MELPe) voice coder (vocoder) software version 8.3. Computer software file name: melp_syn.c, Description: decoder. Version 8.3 |
| Service Request #: 1-364933476 | **Title of Work:** | Enhanced Mixed Excitation Linear Predictive (MELPe) voice coder (vocoder) software |
| | **Contents Titles:** | Computer software file name lpc_lib.c, Description: LPC library functions |
| Service Request #: 1-364933528 | **Title of Work:** | Enhanced Mixed Excitation Linear Predictive (MELPe) voice coder (vocoder) software |
| | **Contents Titles:** | Computer software file name postfilt.c, Description: postfilter and postprocessing functions |
| Service Request #: 1-365142971 | **Title of Work:** | Enhanced Mixed Excitation Linear Predictive (MELPe) voice coder (vocoder) software |
| | **Contents Titles:** | Computer software file name lpc_lib.c, Description: LPC library functions |
| Service Request #: 1-365142892 | **Title of Work:** | Enhanced Mixed Excitation Linear Predictive (MELPe) voice coder (vocoder) software |
| | **Contents Titles:** | Computer software file name postfilt.c, Description: postfilter and postprocessing functions |

True and correct copies of the Certificates of Registration and Applications are attached hereto as Exhibits A-N.

30. Vocal sells and offers for sale MELPe vocoder products ("the Infringing Works"), including as shown on the current Vocal website page attached hereto as Exhibit O.

31. To comply with the MELPe standard, Vocal's implementations must be bit-exact with Compandent's implementation, *i.e.*, they have to perform exactly the same operations that

are performed by the Infringed Works. That cannot occur without making use of some or all of the Infringed Works.

32. The Infringed Works were originally developed for the DoD, and as a consequence license rights exist in favor of the United States military and NATO military organizations.

33. Vocal had access to the Infringed Works because DoD and NATO made the Infringed Works available (including via certain NATO websites) for use in relation to DoD and NATO contract work.

34. Vocal does not have, nor has it ever had, authority or permission to reproduce any of the Infringed Works.

35. Upon information and belief, Vocal has falsely represented to customers and others that Compandent does not own rights in the Infringed Works.

36. Vocal is engaging and has engaged in copyright infringement in violation of 17 U.S.C. § 501(a) by its unauthorized reproduction and distribution and/or sales of the Infringing Works.

37. Upon information and belief, Vocal's activities complained of herein are continuing, constitute willful and intentional infringement of Compandent's copyrights in the Infringed Works, and are in complete and reckless disregard of Compandent's rights.

38. By reason of Vocal's conduct, Compandent has been seriously and irreparably damaged and, unless Vocal is restrained therefrom, Compandent will continue to suffer such damage.

WHEREFORE, Compandent prays for judgment against Vocal as follows:

A. That the Court find that Vocal has infringed Compandent's copyrights.

B.   That the Court find a substantial likelihood that Vocal will continue to infringe Compandent's copyrights unless enjoined from doing so.

C.   That the Court preliminarily and permanently restrain and enjoin Vocal and all persons acting in concert with Vocal or purporting to act on Vocal's behalf or in active concert or in participation with Vocal from infringing Compandent's copyrights.

D.   That, pursuant to 17 U.S.C. §§ 504 and 505, judgment be entered for Compandent and against Vocal for:

   (1)   Damages in an amount to be determined at trial arising out of the foregoing acts or infringement and sustained by reason of said wrongful acts;

   (2)   Vocal's profits as a consequence of the acts of infringement and an accounting of said profits;

   (3)   Statutory damages, should Compandent elect this remedy;

   (4)   Increased statutory damages, should Compandent elect this remedy;

   (5)   The costs of the action; and

   (6)   Compandent's reasonable attorney fees incurred herein.

E.   That the Court order, pursuant to 17 U.S.C. § 502(a), the impoundment of all Infringing Works;

F.   That the Court order Vocal, pursuant to 17 U.S.C. § 503(b), to deliver for destruction all copies of the Infringing Works; or for non-tangible forms including but not limited to electronic media, that Vocal remove and destroy any such copies.

G. That all gains, profits, and advantages derived by Vocal from its acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Compandent.

H. For such other relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Compandent demands a trial by jury to the extent permitted by applicable law.

Dated: March 30, 2010                               Respectfully submitted,

DEFENDANT AND COUNTERCLAIM
PLAINTIFF COMPANDENT, INC.

By Counsel


*/s/ Michael F. Orman*
Richard D. Rochford
Michael F. Orman
NIXON PEABODY LLP
1100 Clinton Square
Rochester, NY  14604
Tel.:  (585) 263-1000
Fax:  (585) 263-1600
rrochford@nixonpeabody.com
morman@nixonpeabody.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of March, 2010, I electronically filed the foregoing ANSWER AND COUNTERCLAIM (with Exhibits A-O) with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Donald W. O'Brien, Jr., Esq.
>WOODS OVIATT GILMAN LLP
>700 Crossroads Building
>2 State Street
>Rochester, New York  14614
>dobrien@woodsoviatt.com
>
>*Counsel for Plaintiff Vocal Technologies, Ltd.*

I hereby further certify that on the 30th day of March, 2010, I caused to be served a true and correct copy of the foregoing ANSWER AND COUNTERCLAIM (with Exhibits A-O) via U.S. First Class Mail upon the following non-CM/ECF participant:

>Ronald J. Kisicki, Esq.
>WOODS OVIATT GILMAN LLP
>700 Crossroads Building
>2 State Street
>Rochester, New York  14614
>
>*Counsel for Plaintiff Vocal Technologies, Ltd.*

>/s/ Michael F. Orman
>Michael F. Orman

12937458