IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VOCAL TECHNOLOGIES, LTD.,<br><br>               Plaintiff,<br><br>    v.<br><br>COMPANDENT, INC.,<br><br>               Defendant. | Civil Action No.<br>1:09-CV-00411-RJA |
| COMPANDENT, INC.,<br><br>               Counterclaim Plaintiff,<br><br>    v.<br><br>VOCAL TECHNOLOGIES, LTD.,<br><br>               Counterclaim Defendant. | |

**COMPANDENT, INC.'S MEMORANDUM OF LAW IN OPPOSITION
TO MOTION TO DISMISS COUNTERCLAIM**

Dated: June 2, 2010
                                     Richard D. Rochford
                                     Michael F. Orman
                                     NIXON PEABODY LLP
                                     1100 Clinton Square
                                     Rochester, New York 14604
                                     Telephone:  (585) 263-1000
                                     Facsimile:   (585) 263-1600
                                     Email:  rrochford@nixonpeabody.com
                                                   morman@nixonpeabody.com

                                     Attorneys for Defendant and Counterclaim Plaintiff
                                     Compandent, Inc.

13018148

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

Background ...........................................................................................................................1

ARGUMENT..........................................................................................................................2

POINT I:

IN NO EVENT CAN COMPANDENT'S COUNTERCLAIM BE DISMISSED
FOR FAILURE TO PLEAD A "CONDITION PRECEDENT" OF COPYRIGHT
REGISTRATION INSOFAR AS SUCH COUNTERCLAIM PLEADS
INFRINGEMENT OF TEN ISSUED COPYRIGHT REGISTRATIONS ....................2

POINT II:

THE MOTION TO DISMISS MUST ALSO BE DENIED INSOFAR AS THE
COUNTERCLAIM IS BASED ON THE FOUR PENDING APPLICATIONS............3

POINT III:

THE COUNTERCLAIM COMPLIES WITH RULE 8(a).............................................5

CONCLUSION......................................................................................................................6

## TABLE OF AUTHORITIES

**Page**

**Cases**

Corbis Corp. v. UGO Networks, Inc.,
    322 F. Supp. 2d 520 (S.D.N.Y. 2004) ............................................................................... 5

Cosmetic Ideas, Inc. v. IAC/Interactivecorp,
    2010 U.S. App. LEXIS 10555 (9th Cir. May 25, 2010) ................................................ 4, 5

Reed Elsevier, Inc. v. Muchnick,
    130 S. Ct. 1237 (2010) ............................................................................................... 3, 4, 5

Salerno v. City Univ. of New York,
    191 F. Supp. 2d 352 (S.D.N.Y. 2001) ............................................................................... 5

Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp.,
    210 F. Supp. 2d 147 (E.D.N.Y. 2002),
    aff'd, 354 F.3d 112 (2d Cir. 2003) .................................................................................... 5

**Statutes and Rules**

17 U.S.C. § 410(d) ........................................................................................................................ 3

17 U.S.C. § 411(a) ................................................................................................................. 3, 4, 5

Fed. R. Civ. P. 8(a) ....................................................................................................................... 5

Fed. R. Civ. P. 12(b)(6) ................................................................................................................ 2

**Other Authorities**

2 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 7.16[B][1][a][i] (2008) .......... 4

Compandent, Inc. ("Compandent") respectfully submits this memorandum of law in opposition to the motion to dismiss its counterclaim.

**Background**

This action relates to enhanced Mixed Excitation Linear Prediction, or "MELPe." MELPe is a computer based technology used in secure voice devices and other military and civilian applications, and has been adopted as a standard by both the United States Department of Defense ("DoD") and NATO. As set forth in its pleading, Compandent participated in the development of MELPe and owns valid copyrights in certain MELPe software source code. Docket No. 10, ¶¶ 28-29. Specifically, Compandent owns a total of ten issued copyright registrations, as well as four pending copyright registration applications. Id., ¶ 29.

Plaintiff and Counterclaim Defendant Vocal Technologies, Ltd. ("Vocal") sells and offers for sale various MELPe vocoder products. Id., ¶ 30 and Exh. O. To comply with the MELPe standard, Vocal's implementations must be bit-exact with Compandent's implementation, *i.e.*, they must perform exactly the same operations. Id., ¶ 31. That cannot occur without making use of some or all of Compandent's copyrighted software source code. Id. Vocal had access to the copyrighted software source code because DoD and NATO (which hold license rights in such software) made it available (including via certain NATO websites) for use in relation to DoD and NATO contract work. Id., ¶¶ 32-33. Compandent contends that Vocal improperly and willfully copied Compandent's copyrighted works in violation of 17 U.S.C. § 501(a). Id., ¶¶ 36-37.

Vocal commenced this action, seeking a declaratory judgment of noninfringement and – based on the bare allegation that "[Vocal] has reason to believe that some or all of the copyrights may be invalid or otherwise unenforceable" (Docket No. 1, ¶ 14) – a declaratory judgment of copyright invalidity and/or unenforceability. Along with its answer, Compandent filed a

13018148

counterclaim for copyright infringement, citing the ten registrations and four applications referenced above and identifying the particular infringing works made and sold by Vocal. Docket No. 10, ¶¶ 25-38.

Rather than respond to the counterclaim, Vocal has filed a motion to dismiss, arguing that Compandent's counterclaim fails to plead a "condition precedent" of copyright registration because the counterclaim cites the four pending registrations in addition to the ten issued registrations. Docket No. 16. As set forth below, Vocal's motion should be denied.

## ARGUMENT

## POINT I

### IN NO EVENT CAN COMPANDENT'S COUNTERCLAIM BE DISMISSED FOR FAILURE TO PLEAD A "CONDITION PRECEDENT" OF COPYRIGHT REGISTRATION INSOFAR AS SUCH COUNTERCLAIM PLEADS INFRINGEMENT OF TEN ISSUED COPYRIGHT REGISTRATIONS

Vocal argues that issuance of a copyright certificate must be pled as a "condition precedent" to a claim for copyright infringement, and that Compandent's counterclaim must be dismissed for failure to plead such "condition precedent" because the counterclaims pleads four pending applications as well as ten issued registrations. Docket No. 16-2 at 5-7. Vocal's argument is without merit.

Even if Vocal were correct in positing that an infringement claim based on a pending copyright application cannot withstand a Rule 12(b)(6) motion to dismiss (and Vocal is not correct, as set forth in Point II below), at most such argument would support a *partial* dismissal of Compandent's counterclaim – namely, the part based on the four pending applications – with leave to replead as to those applications once they have been acted upon by the Copyright

Office.[1] Vocal's argument does not support, in any fashion, dismissing the counterclaim insofar as it is based on the ten issued registrations. Vocal argues that "since [Compandent] has elected to plead a single counterclaim, combining copyrights that are registered with those that are not, its entire counterclaim is infirm for failure to satisfy the applicable requirements." Docket No. 16-2 at 6-7. Notably, Vocal cites no authority supporting this illogical statement, and none exists. In no event can Compandent's counterclaim be dismissed for failure to plead a "condition precedent" of copyright registration insofar as such counterclaim pleads ten issued copyright registrations.

POINT II

**THE MOTION TO DISMISS MUST ALSO BE DENIED INSOFAR AS THE COUNTERCLAIM IS BASED ON THE FOUR PENDING APPLICATIONS**

Section 411(a) of the Copyright Act provides, inter alia, that "no civil action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). In March of this year, the Supreme Court, reversing a decision by the Second Circuit, held that this provision is not jurisdictional in nature. See Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237, 1241 (2010). While Reed Elsevier goes on to characterize compliance with Section 411(a) as a non-jurisdictional "precondition to filing a claim," id., it does not address how such compliance may be effectuated. Specifically, Reed Elsevier does not address whether "registration" is "made" under Section 411(a) upon the copyright owner's filing of a copyright application meeting the requirements of the Copyright Act.

---

[1] Once a certificate is issued by the Copyright Office, registration dates back to the date of application. See 17 U.S.C. § 410(d). Compandent may also pursue its infringement claim upon a rejection of the application by the Copyright Office. See 17 U.S.C. § 411(a).

13018148

So far, this issue has been addressed by one Court of Appeals post-Reed Elsevier, and that decision holds that filing a copyright application satisfies the requirements of Section 411(a). As framed by the Ninth Circuit in Cosmetic Ideas, Inc. v. IAC/Interactivecorp, 2010 U.S. App. LEXIS 10555, at *25 (9th Cir. May 25, 2010), the issue is whether "registration" is "made" within the meaning of Section 411(a) "at the time the copyright holder's application is received by the Copyright Office (the 'application approach'), or at the time that the Office acts on the application and issues a certificate of registration (the 'registration approach')." Id. at *6. An extensive analysis of Section 411(a) and related provisions of the Copyright Act left the Court unpersuaded "that the plain language of the Act unequivocally supports either the registration or application approach." Id. at *15. Turning to the underlying purposes of the Act, the Court concluded that the "application approach better fulfills Congress's purpose of providing broad copyright protection while maintaining a robust federal register." Id. at *19. As the Court aptly observed,

> the application approach avoids unnecessary delay in copyright infringement litigation, which could permit an infringing party to continue to profit from its wrongful acts. Section 411(a) allows a party, after applying for registration, to litigate the claim whether the Copyright Office accepts or rejects the registration. See 17 U.S.C. § 411(a) (permitting an applicant to bring an infringement suit after the Register has rejected his or her registration, so long as the Register is notified of the suit) . . . . Under the registration approach, however, a party must wait on the Copyright Office's affirmative acceptance or rejection, despite knowing that suit can proceed in either event. As the leading treatise on copyright explains, the registration approach thus creates a strange scheme: "[G]iven that the claimant . . . will ultimately be allowed to proceed regardless of how the Copyright Office treats the application, it makes little sense to create a period of 'legal limbo' in which suit is barred." See 2 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 7.16[B][1][a][i] (2008) ("Nimmer"). The application approach avoids this legal limbo – and avoids prolonging the period of infringement – by allowing a litigant to proceed with an infringement suit as soon as he has taken all of the necessary steps to register the copyright at issue.

2010 U.S. App. LEXIS 10555, at *19-20.

Accordingly, the Court held that "receipt by the Copyright Office of a complete application satisfies the registration requirement of § 411(a)." Cosmetic Ideas, 2010 U.S. App. LEXIS 10555, at *25.  Compandent submits that this holding is correct and should be followed.[2] Accordingly, Vocal's motion to dismiss should be denied in its entirety, including insofar as Compandent's counterclaim is based on its four pending applications.

## POINT III

## THE COUNTERCLAIM COMPLIES WITH RULE 8(a)

Finally, Vocal argues (not as a freestanding point, but seemingly as an afterthought in the final paragraph of its brief) that Compandent's counterclaim does not satisfy the requirements of Fed. R. Civ. P. 8(a).  Docket No. 16-2 at 7.  Apparently referring to Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Vocal argues that "the counterclaim sets out no infringing acts and simply alleges, in a conclusory fashion, that [Vocal] is infringing unspecified software."  Docket No. 16-2 at 7.

This statement is untrue.  The counterclaim identifies Compandent's infringed works (attaching copyright registrations and applications which specifically describe those works), see Docket No. 10, ¶ 29 and Exhs. A-N; describes Vocal's access to those works, including through NATO websites, see id., ¶ 33; describes Vocal's infringing works (attaching an Exhibit specifically detailing the nature of those works), see id., ¶ 30; alleges that, to comply with the MELPe standard, Vocal's infringing works necessarily use Compandent's infringed works, as

---

[2] As noted above, Reed Elsevier arose in the Second Circuit, and the Supreme Court reversed the Second Circuit's holding that Section 411(a) is jurisdictional.  The issue whether filing an application constitutes "registration" being "made" under Section 411(a) has not been addressed by the Second Circuit post-Reed Elsevier.  District Court decisions within the Second Circuit over the years have been inconsistent, some concluding that filing an application satisfies the requirements of Section 411(a), see, e.g., Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp., 210 F. Supp. 2d 147, 157 (E.D.N.Y. 2002), aff'd, 354 F.3d 112 (2d Cir. 2003); Salerno v. City Univ. of New York, 191 F. Supp. 2d 352, 356 (S.D.N.Y. 2001), and some concluding that it does not, see, e.g., Corbis Corp. v. UGO Networks, Inc., 322 F. Supp. 2d 520, 521-22 (S.D.N.Y. 2004).  The exhaustive analysis of the statutory language and legislative intent set forth in Cosmetic Ideas confirms that the Well-Made Toy line of cases are better reasoned.

the implementations must be bit-exact, see id., ¶ 31; and alleges that Vocal is currently engaging in unauthorized reproduction of Compandent's infringed works, in violation of Compandent's copyrights, see id., ¶ 36.  Compandent's pleading unquestionably complies with the requirements of Rule 8(a).[3]

## CONCLUSION

For the reasons stated above, Compandent respectfully submits that Vocal's motion to dismiss should be denied in its entirety.

Dated:  June 2, 2010

                                      **NIXON PEABODY LLP**

                                      By:  /s/ Richard D. Rochford

                                      Richard D. Rochford
                                      Michael F. Orman
                                      1100 Clinton Square
                                      Rochester, New York 14604
                                      Tel:  (585) 263-1000
                                      Fax:  (585) 263-1600
                                      E-mail:  rrochford@nixonpeabody.com
                                                     morman@nixonpeabody.com

                                      Attorneys for Defendant and Counterclaim Plaintiff
                                      Compandent, Inc.

---

[3] Vocal is in no position to complain about lack of specificity in the pleadings.  Vocal's claim for a declaratory judgment of copyright invalidity and/or unenforceability is supported *solely* by the unadorned allegation that "[Vocal] has reason to believe that some or all of the copyrights may be invalid or otherwise unenforceable." Docket No. 1, ¶ 14.

13018148

## CERTIFICATE OF SERVICE

    I hereby certify that on the 3rd day of June, 2010, I electronically filed the foregoing MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS COUNTERCLAIM with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Donald W. O'Brien, Jr., Esq.
>WOODS OVIATT GILMAN LLP
>700 Crossroads Building
>2 State Street
>Rochester, New York  14614
>dobrien@woodsoviatt.com
>
>*Counsel for Plaintiff Vocal Technologies, Ltd.*

    I hereby further certify that on the 3rd day of June, 2010, I caused to be served a true and correct copy of the foregoing MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS COUNTERCLAIM via U.S. First Class Mail upon the following non-CM/ECF participant:

>Ronald J. Kisicki, Esq.
>WOODS OVIATT GILMAN LLP
>700 Crossroads Building
>2 State Street
>Rochester, New York  14614
>
>*Counsel for Plaintiff Vocal Technologies, Ltd.*

>    */s/ Michael F. Orman*
>    Michael F. Orman

13018148